**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Honeywell International Inc., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Forged Metals, Inc., a California corporation,<br><br>Defendant. | No. CV-19-03730-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the parties' joint request for a protective order. The parties seek to mark as confidential: "… any information contained or disclosed in any materials that a party or non-party believes in good faith to be confidential or sensitive information that qualifies for protection pursuant to Fed. R. Civ. P. 26(c)." (Doc. 34-1 at 2). This request is too broad to qualify for protection.

Specifically, global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the **burden of showing specific prejudice or harm will result if no protective order is granted**.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (emphasis added) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "**must make a 'particularized showing of good cause with respect to [each] individual document**.'" *Id.* (emphasis added) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

Thus, "[t]he burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)). Accordingly, the current request for a protective order will be denied, without prejudice.

In addition to the above concerns, the Court notes that the parties also mention three categories of protected documents: 1) documents subject to the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730 *et seq.*; 2) documents subject to the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120 *et seq.*; and 3) documents designated as classified by the United States government. With respect classified information, the parties appear to agree that neither party will produce classified information;[1] thus the Court finds no issue with this type of information to be ripe.

As to the other two kinds of information, the parties state:

> For purposes of this Order, "EXPORT CONTROLLED INFORMATION" means information that is subject to the requirements of the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730 *et seq.*, and/or the International Traffic in Arms Regulations ("ITAR"), 22 C.F.R. §§ 120 *et seq.* Such information may be contained in documents that a disclosing party furnishes in this case related to remote sensing systems, technology, software, or defense articles. A protective order is warranted, and there is good cause for special treatment of these categories of information because federal law subjects such information to specific rules related to designation, use, access, and disclosure, and imposes civil and criminal penalties for violations.
> All information designated as "EXPORT CONTROLLED INFORMATION" will be considered "CONFIDENTIAL INFORMATION" unless also designated as "CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY" and will be subject to all restrictions applicable to other information so designated, and will also be subject to the additional restrictions set forth herein. Disclosing parties and receiving parties are responsible for ensuring that "EXPORT CONTROLLED INFORMATION" in their possession, custody or control is not made public. To prevent public disclosure of "EXPORT CONTROLLED INFORMATION," the parties must follow the procedure outlined in this paragraph before any document is: (1) "exported," as that term is described in 15 U.S.C. § 730.5(c) or 22 C.F.R § 120.17; or (2) otherwise made public. All "EXPORT CONTROLLED INFORMATION"

---

[1] It appears that if classified information is relevant, the party with the classified information in its possession will produce a privilege log.

will (1) be furnished by U.S. Persons as defined by U.S. export control laws and regulations (hereafter "U.S. Persons") directly to counsel and through encrypted media or using encrypted transfer methods, (2) be identified as "EXPORT CONTROLLED INFORMATION," and (3) be maintained in an encrypted database or format as specified by U.S. export control laws and regulations. Counsel must ensure that they and their personnel who receive "EXPORT CONTROLLED INFORMATION", and any other permitted recipient to whom counsel furnishes such information, are and will be U.S. Persons, that they will store all "EXPORT CONTROLLED INFORMATION" in a manner such that access is restricted only to U.S. Persons, and that no "EXPORT CONTROLLED INFORMATION" will be physically transported or transmitted outside U.S. territory. Before furnishing any document (including "EXPORT CONTROLLED INFORMATION", any written discovery, and any deposition transcript) to a non-U.S. Person, including by publicly filing the document with the Court, counsel shall determine whether the document contains "EXPORT CONTROLLED INFORMATION". Counsel may seek assistance from opposing counsel, or counsel for non-parties, regarding "EXPORT CONTROL INFORMATION" designations, in which case opposing counsel shall provide the requested determination within ten (10) business days, or as soon as reasonably possible under the circumstances. If a particular document contains "EXPORT CONTROLLED INFORMATION", counsel for the parties shall take all steps to ensure that the document or information is used and accessed in accordance with EAR, 15 C.F.R. §§ 730 *et seq.*, and/or ITAR, 22 C.F.R. §§ 120 *et seq.*, and disclosed only to U.S. Persons or as otherwise permitted under U.S. law.

(Doc. 34-1 at 2, 10).

First, the Court is not confident that a protective order is adequate to permit the parties to exchange information under these statutes. Thus, if the parties renew their request for a protective order, the parties must quote a specific section of each statute that gives the Court permission to override the statute and permit disclosure of the information protected under the statutes.

Second, the parties stipulate that information subject to these statutes much be filed under seal, and/or reviewed by the Court in camera. (Doc. 34-1 at 12-13). However, the Court notes that the parties' proposed protective order requires that the information: "(3) be maintained in an encrypted database or format as specified by U.S. export control laws and regulations." *Id.* The Court is unclear whether this Court's email system and/or electronic filing system would meet these requirements.

Further, if the Court has such information in chambers for in camera review, ITAR requires: "Transfer of ITAR controlled documents (in whole or in part) or the information contained in them to any person who is not a U.S. citizen, a lawful permanent resident of

the United States, or a protected individual under U.S. laws is generally not permitted." *TSI Inc. v. Azbil BioVigilant Inc.*, No. CV-12-00083-PHX-DGC, 2014 WL 880408, at *3 n.5 (D. Ariz. Mar. 6, 2014). The Court is unclear whether this would require that all persons who have access to chambers (which includes by way of example GSA personnel, janitorial personnel, maintenance personnel, security personnel and interns and externs) meet the definitions of the statutes.

Against this backdrop, even if the parties can show that this Court has the power to order the exchange of these documents subject to a protective order, the Court is not inclined to permit them to be filed (even under seal) or sent to the Court in camera. Thus, if documents of this sensitive of a nature are critical to the determination of this case, the parties are strongly encouraged to pursue a dispute resolution mechanism other than a **public** court. Ultimately, if a party moves to file or use any information subject to either statute in Court, it will be that party's responsibility to advise the Court of 100% of the requirements that must be in place prior to disclosure to the Court.[2]

Based on the foregoing,

**IT IS ORDERED** that the motion for a protective order (Doc. 34) is denied, without prejudice.

Dated this 24th day of March, 2020.

James A. Teilborg
Senior United States District Judge

---

[2] By way of further example of the Court's concerns, the proposed protective order states, "Any court hearing or proceeding in which Protected Material is submitted shall, in the Court's discretion, be held *in camera*." (Doc. 34-1 at 13). However, both parties have demanded a jury trial. The Court cannot determine how the parties expect such a provision to work in a jury trial.