**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Honeywell International Incorporated, | No. CV-19-03730-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Forged Metals Incorporated, | |
| Defendant. | |

On May 6, 2020, the parties filed the following statements in response to a Court order:

> Finally, the Court expressed concern that if the parties filed export-controlled information, the Court might not have a mechanism in place to ensure that it kept those documents in compliance with the law. Doc. 35 at 3-4. To be clear, the parties do not anticipate that export-controlled information will be central to this case. Moreover, although the parties have encountered a limited amount of export-controlled information in their document review and anticipate producing a limited amount of documents containing export-controlled information, the parties might not need to file any export-controlled information with the Court. Accordingly, the parties do not think it is necessary to determine at this time whether and how the Court could maintain export-controlled information. Instead, the Court and **parties can address those issues if the need arises**. In the meantime, the revised proposed Protective Order requires that "any party seeking to file any EXPORT CONTROLLED INFORMATION shall first seek leave of court," **at which time the party "shall address the concerns expressed at pages 3 to 4 of the Court's order denying the parties' first motion for a protective order."** Ex. A at 13, ¶ 14.

(Doc. 36 at 5) (emphasis added).

The Court's order referenced by the parties, which the parties *agreed* to comply with stated:

> Second, the parties stipulate that information subject to these statutes [must] be filed under seal, and/or reviewed by the Court in camera. (Doc. 34-1 at 12-13). However, the Court notes that the parties' proposed protective order requires that the information: "(3) be maintained in an encrypted database or format as specified by U.S. export control laws and regulations." *Id.* **The Court is unclear whether this Court's email system and/or electronic filing system would meet these requirements**. Further, if the Court has such information in chambers for in camera review, ITAR requires: "Transfer of ITAR controlled documents (in whole or in part) or the information contained in them to any person who is not a U.S. citizen, a lawful permanent resident of the United States, or a protected individual under U.S. laws is generally not permitted." *TSI Inc. v. Azbil BioVigilant Inc.*, No. CV-12-00083-PHX-DGC, 2014 WL 880408, at *3 n.5 (D. Ariz. Mar. 6, 2014). **The Court is unclear whether this would require that all persons who have access to chambers (which includes by way of example GSA personnel, janitorial personnel, maintenance personnel, security personnel and interns and externs) meet the definitions of the statutes.** Against this backdrop, even if the parties can show that this Court has the power to order the exchange of these documents subject to a protective order, the Court is not inclined to permit them to be filed (even under seal) or sent to the Court in camera. Thus, if documents of this sensitive of a nature are critical to the determination of this case, the parties are strongly encouraged to pursue a dispute resolution mechanism other than a public court. **Ultimately, if a party moves to file or use any information subject to either statute in Court, it will be that party's responsibility to advise the Court of 100% of the requirements that must be in place prior to disclosure to the Court.** [footnote omitted].

(Doc. 35 at 3-4) (emphasis added).

The Court, being extremely concerned about its ability to comply with the statute, including the following (emphasis in original) in the protective order:

> **Consistent with the parties' motion (Doc. 36), EXPORT CONTROLLED INFORMATION shall not be filed with the Court…. As indicated above, EXPORT CONTROLLED INFORMATION shall not be filed with the Court. As for in court proceedings, the Court does not know what the parties intended when they proposed that court proceedings be in camera. (Doc. 36-2 at 12). Clearly, they do not mean ex parte vis a vis each other, which is normally what in camera means. It is possible they mean off the record such there would be no transcription of the proceedings. It is also possible that they mean sealed, which would subject all transcripts to future motions to unseal into perpetuity; additionally, such transcripts would be stored in the electronic record. Because of this lack of clarity, the parties may not disclose EXPORT CONTROLLED INFORMATION in Court. As to all other types of information subject to this protective order, if such information is mentioned in court, it will become part of the public record. A party should be cautious, then, to not disclose the opposing party's information in court or they may subject to liability for violating this protective order.**

(Doc. 37 10, 12).

Today, the day the motions for summary judgment are due, counsel filed the

following stipulation:

> In accordance with the terms of the Protective Order, Plaintiff, Honeywell International, Inc. designated Exhibits 21 and 22 as "EXPORT CONTROLLED INFORMATION" because they contain technical information related to a military aircraft engine. Likewise, portions of Exhibit 18, the Expert Rebuttal Report of Thomas A. Wagner, and portions of Exhibit 19, the transcript of the deposition of John Hill, discuss these Exhibits containing "EXPORT CONTROLLED INFORMATION." These documents may not be filed publicly because doing so would amount to exporting and/or releasing them, in violation of federal law. See 22 U.S.C. § 2778 (prohibiting unlicensed export of defense articles and services"); 22 C.F.R. §§ 120.17, 120.50 (defining "export" and "release"). Accordingly, the parties seek leave to file these Exhibits under seal. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (parties may file documents under seal for compelling reasons); *Ctr. for Auto Safety v. Chrysler Group LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (same). The duration of the requested sealing is the duration of the litigation in this case. Upon termination of the case, Plaintiffs request that the documents filed under seal be returned to them. Accordingly, the parties respectfully request that the Court enter an Order directing the Clerk to seal Exhibits 20 and 21 and the Confidential pages of Exhibits 18 and 19 to Defendant Forged Metals' Motion for Summary Judgment. A proposed form of order accompanies this Stipulated Motion.

(Doc. 87 at 2).

This stipulation (Doc. 87) is breathtaking in its disregard for prior court orders and federal law. First, the parties specifically told the Court they would not seek to file export-controlled information. Second, relying on the parties' representations, the Court specifically ordered that export-controlled information not be filed with the Court. Third, the parties further represented that if they ultimately recanted their representation that they would not file export-controlled information, they would address all of the Court's concerns listed in Doc. 35. This stipulation addresses *none* of the Court's concerns. Finally, the stipulation "stipulates" that after the conclusion of this case either the Court or the Clerk's office will alter a court record by permanently removing these exhibits from the record and returning them to counsel. The Court is aware of no authority that would legally permit this Court to alter records after the fact.

Moreover, counsel is on notice of a data breach. https://www.uscourts.gov/news/2021/01/06/judiciary-addresses-cybersecurity-breach-extra-safeguards-protect-sensitive-court The Administrative Office ("AO") has effectively forbidden the e-filing of any highly sensitive documents. (*Id.*) ("Under the new procedures

- 3 -

1  announced today, highly sensitive court documents (HSDs) filed with federal courts will
2  be accepted for filing in paper form or via a secure electronic device, such as a thumb drive,
3  and stored in a secure stand-alone computer system. These sealed HSDs will not be
4  uploaded to CM/ECF."). Counsel must abide by this AO direction and will be responsible
5  if ITAR is violated by the documents being e-filed.

6  The Court has had to immediately turn its attention to the parties failure to comply
7  with the Court's prior orders because the summary judgment motions are due today, and
8  the Court is unclear whether the parties, *mistakenly*, believe that by filing their stipulation
9  they have de facto permission to file under seal. The Court has been painfully clear up to
10 this point in the case that presumptively, the Court would not accept the filing of export-
11 controlled information even under seal. Notwithstanding this clear guidance, the Court
12 now understands that a party elected to rely on such information within their expert report.
13 That party did so at their peril. The information will be precluded.

14 Accordingly,

15 **IT IS ORDERED** that the stipulation to seal (Doc. 87) is denied. No motion,
16 response or reply may reference any export-controlled information. Any exhibit that
17 contains export-controlled information must be redacted such that the information is not
18 filed with the Court. In other words, such redactions cannot be mere electronic redactions
19 – the export controlled information must be removed prior to filing by removing pages
20 from the document and replacing them will a notice that the pages were removed, and/or
21 cutting and pasting the document together with a similar disclaimer.

22 Dated this 25th day of January, 2021.

James A. Teilborg
Senior United States District Judge